899-7

DeORCHIS, WIENER & PARTNERS, LLP
61 Broadway, 26th Floor
New York, New York 10006-2802
(212) 344-4700

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

SOLANA SHIPPING LTD. and ZENON
SHIPPING LTD.,

        Plaintiffs,

   -against-

PALOMAR MARITIME INC., REMI
MARITIME CORP. and MIRAMAR MARITIME
INC.,

        Defendants.
-----------------------------------------------------------X



07 Civ. 11561

**VERIFIED COMPLAINT
AND RULE B ATTACHMENT**

   Plaintiffs Solana Shipping Ltd. (hereinafter referred to as "Solana") and Zenon Shipping Ltd. (hereinafter referred to as "Zenon"), by their attorneys, DeOrchis Wiener & Partners, LLP, as and for its Verified Complaint against Defendants Palomar Maritime Inc. (hereinafter referred to as "Palomar"), Remi Maritime Corp. (hereinafter referred to as "Remi") and Miramar Maritime Inc. (hereinafter referred to as "Miramar") allege upon information and belief, as follows:

   1.  This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1333.

2. Venue is proper under 28 U.S.C. §§ 1391(d) because Defendants Palomar, Remi and Miramar are aliens.

3. At all material times, plaintiff Zenon was the owner of the M/T MONTE VERDE and was and still is a foreign corporation organized and existing under and by virtue of the laws of the government of Malta with an office and place of business at 147/1 St. Lucia Street, Valetta, Malta.

4. At all material times, plaintiff Solana was a corporation organized and existing under and by virtue of the laws of Malta with a registered office at 147/1 St. Lucia Street, Valetta, Malta.

5. At all material times, Defendant Palomar was and is a corporation organized and existing under and by virtue of the laws of the Republic of Liberia with an office and place of business at Kantharou 1 & Akti Miaouli 75, Piraeus, Greece, which held itself out to plaintiffs Zenon and Solana as a vessel manager.

6. Defendant Remi was, at all material times, a corporate entity organized and existing under by and virtue of the laws of a foreign country with an office and place of business at Kantharou 1 & Akti Miaouli 75, Piraeus, Greece.

7. Defendant Miramar was, at all material times, a corporate entity organized and existing under by and virtue of the laws of a foreign county, with an office and place of business at Kantharou 1 & Akti Miaouli 75, Piraeus, Greece. At all relevant times, upon information and belief, Miramar acted as agent on behalf of Palomar and/or Remi in receiving and holding and/or transmitting funds received from Zenon in respect of the management fees payable to Palomar and/or Remi.

8. On or about July 15, 2004, Zenon and Remi entered into a ship-management agreement under certain terms and conditions and for certain consideration more fully set forth in a written agreement signed that day by Mr. L. Polemis on behalf of Remi and Mr. M. Matveev of Euro Petroleum A.G. on behalf of Zenon for the operation of the M/T MONTROSE subsequently renamed M/T MONTE VERDE.

9. On or about January 1, 2005, transfer of the responsibilities for operation and technical management of the M/T MONTE VERDE changed from Remi to Palomar, a company which, upon information and belief, was set up by Remi for the purposes of managing, *inter alia,* Zenon's M/T MONTE VERDE. The officers and employees with whom Zenon dealt remained the same and the place of business of Palomar was at the same location as the place of business of Remi.

10. Remi so controls and dominates the existence of Palomar and Miramar that Palomar and Miramar were and are corporate shells whose officers, directors, employees and office space were all shared with defendants Remi and Miramar and that the funds paid by plaintiff Zenon to and for the account of Palomar were thereafter merged and commingled in accounts and with funds belonging to Remi without adequate arms length dealings between and among the three defendants.

11. By reason of the foregoing, Remi is the alter ego of Palomar and Miramar in that the corporate separateness of the three entities was disregarded by Remi, Miramar and Palomar and each is answerable and obligated to pay the contractual indebtedness and obligations of the other in respect of the accounts of M/T MONTE VERDE.

## AS AND FOR A FIRST CLAIM BY SOLANA

12. The agreement between Zenon and Palomar was reduced to writing and continued in full force and effect until December 31, 2006, when it expired. An audit for the period between January 1, 2006 and December 31, 2006, reported to Zenon on July 16, 2007, showed that Palomar and/or Remi and/or Miramar held in their individual or collective accounts the total sum of $529,839.00 in favor of plaintiff Zenon as a result of the fact that Zenon had advanced to defendants more money than defendants paid out to operate and maintain M/T MONTE VERDE.

13. Thereafter, on September 12, 2007 and October 4, 2007 Zenon demanded that Palomar return the balance but defendants ignored and/or refused to return the overpaid amount.

14. On October 17, 2007, Zenon assigned to Solana for good and valuable consideration the debt in the amount of $529,839.00 owed by Palomar to Zenon.

15. Notice of assignment was duly given by Zenon to Palomar on October 17, 2007.

16. Accordingly, by virtue of the account stated by Palomor and its breach of contract by its failure to remit funds due, Solana as assignee is entitled to judgment in the amount of $529,839 against all defendants.

## AS AND FOR A SECOND CLAIM BY ZENON

17. Plaintiffs repeat and reallege each and every allegation in Paragraphs 1 through 16 inclusive of this Verified Complaint with the same force and effect as if herein set forth at length.

18. On November 12, 2007, Palomar revised the due amount of $529,839.00 upward to $538,805.54. The assignment does not fully cover by $8,966.64 the total debt in the amount of $538,805.54 reported by Palomar to have been due to Zenon as of December 31, 2006.

19. Accordingly, Solana is the real party in interest with regard to the indebtedness of defendants in the assigned amount of $529,839.00 and Zenon is entitled to the unassigned balance in the amount of $8,966.64 due under the management agreement dated January 1, 2006.

20. Accordingly, Zenon is entitled to a judgment in the amount of $8,966.64 being the unassigned balance due as a result of defendants' breach.

## AS AND FOR A THIRD CLAIM BY ZENON

21. Plaintiffs repeat and reallege each and every allegation in Paragraphs 1 through 16 inclusive of this Verified Complaint with the same force and effect as if herein set forth at length.

22. Defendant Palomar continued to operate and technically manage the vessel between January 1, 2007 and November 2, 2007. The terms on which management of M/V MONTE VERDE was carried out were set out in the working copy of the management agreement dated April 1, 2007 and addendum to annex C. Palomar repudiated the agreement on November 2, 2007.

23. During this ten-month period of time, Zenon advanced additional sums to defendants which were supposed to have been used to operate, crew, maintain, victual, bunker,

*etc.*, the M/T MONTE VERDE and which payments were also to satisfy Zenon's obligation to pay Palomar's management fee.

24.     Upon termination of the management agreement on November 2, 2007, Palomar reported an accounting that, as of October 31, 2007, the balance of funds in the hands of Palomar and/or Remi and/or Miramar grew to at least $549,970.00 as a result of payments made by plaintiff Zenon to defendants and as a result of defendants not having spent all of those funds on necessaries for the operation of M/T MONTE VERDE. as agreed.

25.     During the period between January 1, 2007 and November 2, 2007, despite having sufficient funds advanced by Zenon for management of the M/T MONTE VERDE, in breach of the obligations to Zenon and in breach of sound ship management practice, Palomar failed and/or refused to pay invoices of third party suppliers and agents in respect of their services rendered to M/T MONTE VERDE. As a result of Palomar's breach, Zenon incurred additional expenses in the sum of $154,534.93 in paying third parties whom Palomar neglected to pay.

26.     Accordingly, Zenon prays for judgment against defendants in the amount of $154,534.93.

## AS AND FOR A FOURTH CLAIM

27.     Plaintiffs repeat and reallege each and every allegation in Paragraphs 1 through 26 inclusive of this Verified Complaint with the same force and effect as if herein set forth at length.

28.     In further breach of the terms of the management agreement between Zenon and Palomar, Palomar repudiated the agreement on November 1, 2007 by purporting to give notice

6

terminating the agreement. Zenon suffered additional loss and damage in the sum of $185,572.47 as a result of Palomar's repudiatory breach in that Palomar's repudiation caused Zenon to retain third-party vendors other than those engaged by Palomar and to pay higher fees and charges than those vendors retained by Palomar.

29. Due demand has been made but the demand has been ignored and Palomar has failed to pay.

30. Zenon is entitled to entry of judgment in the amount of $185,512.47 against defendants.

### AS AND FOR A FIFTH CLAIM BY SOLANA AND ZENON

31. Plaintiffs repeat and reallege each and every allegation in Paragraphs 1 through 30 inclusive of this Verified Complaint with the same force and effect as if herein set forth at length.

32. The ship management contracts provide that they are to be governed by English law and that any disputes between the parties are to be resolved by arbitration in London.

33. Plaintiff Solana and Zenon have commenced arbitration proceedings in London to recover with the debt owed to them with regards to the management of MT MONTE VERDE where substantive issues will be heard.

34. This action is brought in aid of London arbitration in regard to the claims pertaining to the management of MT MONTE VERDE to obtain security for the claim as outlined above and for additional sums which Plaintiffs will incur as anticipated attorney fees and arbitral costs, estimated by English solicitors at $ 300,000.00, which are recoverable as part of the Plaintiffs' claims under the governing English law.

35. This action is brought to obtain security for interest estimated at $131,922.56 through to completion of the arbitration (based on 7% per annum compounded quarterly for 2 years), which is also recoverable as part of Plaintiffs' claim under the governing English law.

36. Therefore, the Plaintiffs' total claim against Defendants is for US$1,316,702.56.

## APPLICATION FOR ISSUANCE OF A RULE B ATTACHMENT

37. Plaintiffs repeat and re-allege each and every one of the foregoing allegations as though fully set forth at length.

38. After due investigation, the Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendants have, or will have during the pendency of this action, assets, comprising *inter alia*, cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendants, or either of them ("assets"), including but not limited to assets at, being transferred through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein, within this District and subject to the jurisdiction of this Court including, but not limited to, HSBC (USA), Bank of America, Wachovia, Citibank, American Express Bank, J.P. Morgan Chase, Bank of New York, Deutsche Bank, and/or Standard Chartered Bank, which are believed to be due and owing to the Defendants.

39. The Plaintiff seeks an Order from this Court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching any assets of each of the Defendants held by the aforesaid garnishees for the purpose of obtaining personal jurisdiction over the Defendants and to secure and/or satisfy the Plaintiff's claims as described above totaling 1,316,702.56.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendants, citing each to appear and answer under oath all and singular the matters alleged in the Complaint;

B. That, since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all tangible or intangible property in whatever form, including but not limited to cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendants, or any of them ("assets"), including but not limited to assets at, being transferred through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein, including, but not limited to, HSBC (USA), Bank of America, Wachovia, Citibank, American Express Bank, J.P. Morgan Chase, Bank of New York, Deutsche Bank, and/or Standard Chartered Bank, which are believed to be due and owing to Defendants Palomar Maritime Inc., Remi Maritime

Corp. and Miramar Maritime Inc. in the amount of US$ 1,316,702.56 to satisfy and/or secure Plaintiffs' claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B to answer the matters alleged in the Complaint;

C.  That this Court retain jurisdiction over this matter through the entry of any judgment or award associated with any of the claims currently pending, or which may be initiated in the future, including any appeals thereof; and

D.  That the Plaintiff has such other, further and different relief as the Court may deem just and proper.

Dated:  New York, New York
        December 18, 2007

DEORCHIS, WIENER & PARTNERS, LLP
Attorneys for Plaintiffs

By: _____
Christopher H. Mansuy
61 Broadway, 26th Floor
New York, New York  10006-2802
(212) 344-4700
Our File:  899-7

W:\899-7\Legals\Drft Verified Cmplnt W Rule B 1218b 121307

I, Alexander Strikitsa, declare and state that I am an employee of Joint Tankers (Dubai) and am based in the Moscow representative office in Moscow, Russia. Joint Tankers are the commercial agents on behalf of Zenon Shipping Ltd and Solana Shipping Ltd. Prior to August 20, 2007, I was an employee of Spectrum Trading & Shipping (STS) Inc. which acted as commercial manager under contract with Zenon Shipping Ltd. and Solana Shipping Ltd. I was responsible for the day to day commercial management of the vessels owned by Zenon and Solana. I have reviewed the foregoing complaint and I know of my knowledge that the allegations are true, except as to matters stated on information and belief and as to those matters, I believe them to be true. The basis of my knowledge is personal familiarity with the management contract between Zenon Shipping Ltd. and Palomar Maritime Inc. and the executives and staff personnel at Remi Maritime Inc. as well as Miramar Navigation Ltd. The reason that this verification is not made by the plaintiffs themselves itself is that the plaintiffs are corporations . I declare that the foregoing statements made by me are true and correct under penalty of perjury of the laws of the United States of America.

Executed in **Moscow**

December 18th, 2007

ALEX STRIKITSA